Liang Xiong SHAO, Petitioner,

v.

Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.

No. 04–3511–AG.

United States Court of Appeals, Second Circuit.

Feb. 13, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Alexander K. Yu, New York, New York, for Petitioner.

Frank D. Whitney, United States Attorney for the Eastern District of North Carolina, Jennifer May–Parker, Anne M. Hayes, Assistant United States Attorneys, Raleigh, North Carolina, for Respondent.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Liang Xiong Shao, a native and citizen of China, petitions for review from the denial of asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily affirms or adopts the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–74 (2d. Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177–78 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003); *Diallo v. Ashcroft*, 232 F.3d 279, 286–87 (2d Cir.2000).

In this case, the IJ found Shao's testimony incredible because, among other things, Shao was unable to: (1) explain the discrepancies between his asylum application, his amended statement, and his testimony regarding his wife's second pregnancy and the insertion and removal of an IUD; and (2) to give a plausible explanation for the discrepancies between his asylum application, his amended statement, and his testimony regarding the three-day detention and the alleged escape he made from detention. These are "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang*, 386 F.3d at 74 (quoting *Secaida–Rosales*, 331 F.3d at 307 (internal quotations omitted)).

■ The IJ's expectation of corroborative evidence was not unreasonable since Shao's wife is present in the United States. The IJ was entitled to find unreasonable Shao's explanation for not providing his wife as a witness or an affidavit from her, and was further entitled to consider this gap in assessing his failure to meet his burden of proof. *Diallo*, 232 F.3d at 285.

■ Shao has not challenged the IJ's denial of his CAT claim in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.